IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | | |
|---|---|---|
| **WESLEY BERRYHILL** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **CITY OF EDINBURG** | § | **JURY TRIAL IS DEMANDED** |

## ORIGINAL COMPLAINT

### I. JURISDICTION AND VENUE

1. This is a claim under the Family Medical Leave Act pursuant to 29 U.S.C. § 2601 et. seq. for willful violation of Plaintiff's protected rights.

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1402(b), 28 U.S.C. § 1343(a) and 28 U.S.C. § 1331, and venue is proper pursuant to 28 U.S.C. § 1391(b) for acts committed within this jurisdictional district.

### II. PARTIES

3. Plaintiff, Wesley Berryhill, is a 43 year-old former Army Ranger, West Point cadet and Purple Heart recipient (1 Tour in Iraq and 3 Tours in Afghanistan), who resides in Edinburg, Texas. Plaintiff, a disabled veteran, is a citizen of the United States and at all times relevant to this complaint was a resident of this district.

4. Defendant, City of Edinburg, is an employer as contemplated under 29 U.S.C. § 2611 (11) (a) (ii) (II) at all times relevant to the facts of this case. Service of process may be served upon its City Secretary at the following address:

Clarice Yvette Balderas
City Secretary
415 W. University Drive
Edinburg, TX 78539

5. The relevant facts and transactions alleged herein connection with Plaintiff's job interference and retaliation claims and other wrongful acts related to the termination of Plaintiff's employment from the City of Edinburg, occurred in Hidalgo County, Texas.

6. Whenever in this complaint it is alleged that Defendant did any act or thing, it is meant that Defendant, City of Edinburg, the police chiefs, law enforcement officers, agents, servants, employees or representatives did such an act or thing, and that at the time such act or thing was done, it was done with the full authority or ratification of Defendant, City of Edinburg, or was done in the normal and routine course and scope of employment and duties of Defendant, City of Edinburg, its police chiefs, law enforcement officers, agents, servants, employees or representatives.

### III. JURY DEMAND

7. Plaintiff hereby requests and demands a jury trial and has otherwise timely and properly made her demand for a jury trial pursuant to the Federal Rules of Civil Procedure.

### IV. FACTUAL BACKGROUND

8. Officer Berryhill, a licensed peace officer, was employed by the City of Edinburg ("City") as a patrol officer.

9. The City hired Officer Berryhill in July 2000.

10. At the time of his termination, Officer Berryhill had returned from an approved medical leave of absence to care for his ill wife and four school-age children. Mrs. Berryhill

suffers from polymyositis, a condition similar to muscular dystrophy. Mrs. Berryhill is age 47.

11. It is undisputed that Officer Berryhill's direct supervisors, Edinburg Assistant Chief Chad Dufner was aware of Mrs. Berryhill's medical condition and Officer Berryhill's attempt to exercise his rights under the FMLA.

12. The City, by and through its police department, approved of said medical leave.

13. In fact, Assistant Chief Dufner, who was directly involved in approving Officer Berryhill's leave, represented to Officer Berryhill that his return to the police force would be "automatic" upon completion of the medical leave.

14. Officer Berryhill returned to work early on September 1, 2022.

15. On September 1, 2022, Officer Berryhill was now told his return was contingent on newly-appointed Edinburg Police Chief Jaime Ayala's approval.

16. On or about September 12, 2022, Officer Berryhill learned that Chief Ayala did not approve his return because of an investigation into Officer Berryhill's past (pre-leave) work performance.

17. Without ever interviewing him or giving him an opportunity to defend himself, Officer Berryhill learned the City had fabricated evidence of unfavorable pre-leave work performance, relying on statements from two fellow police officers, who claimed Officer Berryhill was not a team player and was not respectful to co-workers, in order to ingratiate themselves with the new Edinburg Police Chief.

18. The officers' statements later served as the bases for the Chief Ayala's refusal to allow Officer Berryhill permission to return to work.

19. Before taking FMLA leave, Officer Berryhill had never been verbally reprimanded or written up.

20. On September 12, 2022, Officer Berryhill received a letter that the City no longer needed his services, discharging him from his position as Patrol Officer.

21. The Edinburg Police Department completed Officer Berryhill's F-5, giving him an "honorable discharge."

22. The City interfered with Officer Berryhill's rights under the FMLA. Based on the fabrication of evidence without an opportunity to be heard, the City violated Plaintiff's FMLA rights.

## V. FIRST CAUSE OF ACTION

23. Officer Berryhill repeats, realleges, and incorporates herein as part of his first cause of action paragraph 1 through 22 of this Complaint, inclusive and in their entirety, and further alleges:

24. He was unlawfully discharged by Defendant. Plaintiff is informed and believes, and on that basis alleges, that Defendant is an "employer" as that term is defined by the FMLA, 29 U.S.C. § 2611(4);

25. Plaintiff was eligible for leave under the FMLA and to be able to return to his job. Plaintiff is informed and believes, and on that basis alleges, that he was/is an "eligible employee" as that term is defined by the FMLA, 29 U.S.C. § 2611(2), that there was an "entitlement to leave" and job security as defined in the FMLA and that he was wrongfully denied his job as secured by the FMLA leave;

26. Defendant interfered with Plaintiff's leave rights when it discharged Officer Berryhill; and

27. Plaintiff has been injured.

## VI. SECOND CAUSE OF ACTION

28. Officer Berryhill repeats, realleges and incorporates herein as part of his second cause of action paragraphs 1 through 22 of this Complaint, inclusive and in their entirety, and further alleges:

29. Plaintiff was a covered employee who availed himself of a protected right under the FMLA;

30. Plaintiff was an adversely affected by Defendant's employment decision;

31. Retaliation - there is a casual connection between Plaintiff's protected activity and his employer's adverse employment action; and

32. Plaintiff suffered damages and lost wages on account of Defendant's illegal actions.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that Plaintiff have:

Judgment entered for the Plaintiff against Defendant.

Award Plaintiff damages for wages or benefits denied or lost by reason of the violation, including interest and liquidated damages equal to the sum of the loss wages and benefits or actual monetary losses and interest pursuant to 29 U.S.C. § 2617 (a) (A)(I)-(iii).

Award Plaintiff equitable relief including, but not limited to, reinstatement and front pay pursuant to 29 U.S.C. § 2617 (a) (1) (B).

Cost of suit incurred herein.

Pre-judgment interest where permitted by law.

Interest at the legal rate on the foregoing sums from the date of judgment until paid.

Attorney's fees and costs as provided by 42 U.S.C. § 1988.

Such other and further relief to which Plaintiff may be justly entitled.

>Respectfully submitted,
>
>    */s/ Mauro F. Ruiz*
>Mauro F. Ruiz
>State Bar No. 24007960
>Federal ID. 23774
>118 West Pecan Blvd.
>McAllen, Texas 78501
>Telephone:   (956) 259-8200
>Telecopier:   (956) 259-8203
>mruiz@mruizlaw.com
>**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

OF COUNSEL:
**RUIZ LAW FIRM, P.L.L.C.**
118 West Pecan Blvd.
McAllen, Texas 78501
Telephone:   (956) 259-8200
Telecopier:   (956) 259-8203